NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF THE VIRGIN ISLANDS**
**ST. CROIX DIVISION**

| | |
|---|---|
| MERCEDES HAYNES-ROSS,<br><br>  Plaintiff,<br><br>v.<br><br>HOVENSA L.L.C. and HESS CORP.<br><br>  Defendants. | Civ. No. 12-74<br><br>OPINION |

THOMPSON, U.S.D.J.[1]

INTRODUCTION

      This matter is before the Court upon the Motion to Dismiss of Defendants HOVENSA, LLC ("Hovensa") and Hess Corporation ("Hess") (collectively, "Defendants"). (Doc. No. 43). Plaintiff Mercedes Haynes-Ross ("Plaintiff") opposes. (Doc. No. 54). The Court has decided the Motion based on the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, Defendant's Motion will be granted in part.

BACKGROUND

      Plaintiff's factual allegations are as follows. Hovensa was a petroleum refinery located on St. Croix, owned in part by Hess. Plaintiff was an employee at Hovic, Hovensa's predecessor, starting in 1991, and she continued to work for Hovensa until 2011, when she was fired. The Court takes judicial notice of the fact that Hovensa ceased operating as a refinery in

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

or around Feburary 2012, before Plaintiff filed her initial Complaint in July 2012. Plaintiff describes herself as a "black West Indian female over the age of 40." (Doc. No. 40, Ex. 2, Second Am. Compl., at ¶ 18).

Plaintiff alleges that she suffered discrimination[2] on the basis of race, national origin, sex, and age when, starting in 2009, her job functions began to be reassigned to a Hovensa employee named Mike Van Fleet who was, at the time, a "white male, age late 30's or early 40's . . . from the continental United States." (Doc. No. 40, Ex. 2, Second Am. Compl., at ¶¶ 34, 37). After her job functions started being transferred to Van Fleet, Plaintiff complained of discrimination to her supervisors. Plaintiff also requested that she be cross-trained for other positions at Hovensa but was told that there weren't resources for cross-training, even though Van Fleet was being cross-trained for Plaintiff's job. Plaintiff became aware of at least one of Van Fleet's cross-training sessions when she came to her desk at some point shortly after December 9, 2010 and found Van Fleet being trained there. Finally, in March 2011, Defendants instituted a plan to lay off employees who had either filed suits against Defendants, refused to sign the DRA, complained about discrimination, or were older. These persons, including Plaintiff, were then fired in June 2011.

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion, a district court must conduct a three-part analysis: "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept all of plaintiff's well-pleaded factual allegations as true and

---

[2] Plaintiff also alleges that she was harassed by Hovensa regarding her and her husband's refusal to sign a Dispute Resolution Agreement, but Plaintiff's Opposition Brief (Doc. No. 54) clarifies that Plaintiff does not base any of her claims on this alleged harassment, and it is not discussed further here.

construe the complaint in the light most favorable to the plaintiff, though the court should disregard legally conclusory allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Finally, the court must determine whether the "facts alleged in the complaint are sufficient to show the plaintiff has a 'plausible claim for relief.'" *Id*. at 211. It is not enough for a pleading to offer "only 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" to survive a motion to dismiss; the plaintiff's allegations, taken together, must support a plausible claim under each cause of action. *Id*. at 210.

## DISCUSSION

### I.   Claims against Hess

Plaintiff has named Hess as a defendant and alleged that Hess is the parent company of co-defendant Hovensa, but Plaintiff has not alleged that Hess itself violated any of Plaintiff's rights or otherwise directly caused any harm to Plaintiff. The Third Circuit has explained that "[i]n the employment discrimination context, a parent corporation will be held responsible as an employer only where it and the subsidiary are 'so interrelated and integrated in their activities, labor relations and management' that [the court] should pierce the corporate veil.'" *Wellman v. Dupont Dow Elastomers L.L.C.*, 414 Fed. App'x 386, 389 (3d Cir. 2011) (quoting *Marzano v. Computer Sci. Corp.*, 91 F.3d 497, 514 (3d Cir. 1996). A parent company should only be considered an employer in "extraordinary circumstances." *Wellman v. Dow Chemical Co.*, 2007 WL 842084, at *2 (D. Del. March 20, 2007), *aff'd* 414 Fed. App'x 386 (3d Cir. 2011). Here, Plaintiff offers nothing besides conclusory statements to establish that Hess exercised control over Hovensa; given the high burden for piercing the corporate veil, the Court finds that all claims against Hess must be dismissed.

## II.  Discrimination

Plaintiff's first claim is for discrimination under Title VII of the Civil Rights Act of 1964, the Virgin Islands Civil Rights Act ("VICRA"), the Age Discrimination in Employment Act of 1967 ("ADEA") and 42 U.S.C. § 1981.  The parties present legally and factually identical arguments for discrimination under Title VII and VICRA; accordingly, the Court will analyze those claims under the same standard.  *See Galloway v. Islands Mechanical Contractor, Inc.*, 2012 WL 39894891, at *15 (D.V.I. Sept. 11, 2012); *Desir v. Hovensa, L.L.C.*, 2012 WL 762122, at *6 (D.V.I. Mar. 7, 2012).  The Third Circuit has also noted that claims of discrimination under the ADEA and 42 U.S.C. § 1981 should be analyzed under the Title VII framework as well. *Wishkin v. Potter*, 476 F.3d 180, 185 (3d Cir. 2007); *Jackson v. Temple Univ. Hosp., Inc.*, 501 Fed. App'x 120, 123 n.2 (3d Cir. 2012).

Plaintiff alleges that she suffered disparate treatment discrimination because she, a black West Indian female over the age of 40, was denied cross-training, while Van Fleet, a younger white male from the continental United States, was cross-trained to perform her job.  (Doc. No. 54, Pl.'s Opp., at 5–8).  As Plaintiff does not claim that she was directly discriminated against, the familiar *McDonnell Douglas* framework applies to this claim.  *Sarullo v. U.S. Postal Service*, 352 F.3d 789, 797 (3d Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).  In order to establish a *prima facie* case of discrimination under the *McDonnell Douglas* framework, Plaintiff must allege that (1) she belonged to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action despite being qualified; and (4) that the circumstances that surround her adverse employment action give rise to an inference of discrimination.  *Sarullo*, 352 F.3d at 797.  Defendants argue that Plaintiff has failed to plead the *prima facie* elements of a disparate treatment claim because the only adverse

employment action she has alleged she suffered is a general claim that she was denied cross-training, which is not, standing alone, an adverse employment action.  Plaintiff counters that denial of cross-training is an adverse employment action because without the training she was not able to advance at the company.

In order to establish that she suffered an adverse employment action, Plaintiff must show that she underwent "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  *Pagan v. Gonzalez*, 430 Fed. App'x 170, 172 (3d Cir. 2011) (citing *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 152–53 (3d Cir. 1999).  Plaintiff's general allegations here are not sufficient to make a plausible case that she suffered an adverse employment action: she does not cite specific instances of being denied cross-training for a specific job, she does not describe what specific positions she sought cross-training for, and she does not connect the denial of cross-training with a "significant change in employment status."  *See Pagan*, 430 Fed. App'x at 172 ("[T]he denial of the training was not an adverse employment action because there was no evidence that the [plaintiff's] work suffered or that her advancement or earning potential was affected."); *Taylor v. Brandywine Sch. Dist.,* 202 Fed. App'x 570, 576–77 (3d. Cir. 2006).  Plaintiff attempts to tie the denial of cross-training to her ultimate firing; however, she has not offered any facts to demonstrate that, had she been cross-trained for other positions, she would not have been fired.  There is no indication that Plaintiff would have remained employed if only she had been cross-trained.  Thus, Plaintiff has not sufficiently alleged that she suffered an adverse employment action under Title VII, VICRA, the ADEA, and 42 U.S.C. § 1981.

Plaintiff has submitted two amended complaints thus far in this case. (Doc. No. 35; Doc. No. 40-2). The Court will dismiss Plaintiff's discrimination claims without prejudice and grant Plaintiff thirty days to file another amended complaint with allegations sufficient to support these claims. If Plaintiff fails to file an amended complaint after thirty days, these claims will be dismissed.

## II.     Retaliation

In Count III of the Complaint, Plaintiff claims that she was retaliated against in violation of Title VII. To state the *prima facie* case for Title VII retaliation, "a plaintiff must tender evidence that '(1) she engaged in activity protected under Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action.'" *Moore v. City of Philadelphia*¸ 461 F.3d 331, 340–41 (3d Cir. 2006) (*quoting Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995)). Here, Plaintiff alleges that (1) she engaged in a protected activity by complaining to her supervisors that she was being discriminated against on the basis of race, gender, and age when her job assignments were transferred to Van Fleet and when she was denied cross-training; (2) she was fired; and (3) the reason she was fired was because she had made complaints about discrimination. (Doc. No. 54, Pl.'s Opp., at 10–12).

As with the discrimination claim, Plaintiff's retaliation claim is only supported by conclusory statements. *Iqbal*, 556 U.S. at 663. Plaintiff has pled insufficient facts to draw a causal connection between the protected activity she engaged in and the adverse employment action she suffered. Timing is a significant factor here: Plaintiff claims that she began complaining of discrimination in 2009, but that the decision to fire her was not made until March 2011. With only these facts to go on, it is insufficient to allege that Hovensa retaliated against

Plaintiff and fired her for complaining of discrimination over a year after Plaintiff began making her complaints. *See Washco v. Federal Express Corp*, 402 F. Supp. 2d 547, 559–60 (E.D. Pa. 2005); *Boykins v. Lucent Techs., Inc.*, 78 F. Supp. 2d 402, 415 (E.D. Pa. 2000). Accordingly, the Court will dismiss Plaintiff's retaliation claim without prejudice and grant Plaintiff leave to file an amended complaint regarding this claim under the same conditions as the discrimination claims.

### III.   State Law Claims

The Court will reserve its judgment of Plaintiffs state law claims contained in Counts II, IV, and V until Plaintiff has had an opportunity to file a third amended complaint.

### CONCLUSION

For the forgoing reasons, Defendants' Motion will be granted in part and denied in part. An order consistent with this opinion will follow.

 */s/ Anne E. Thompson*  
ANNE E. THOMPSON, U.S.D.J.